JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, David Hines, appeals from the judgment of the Common Pleas Court, rendered after a jury verdict, finding him guilty of murder, aggravated murder, and aggravated robbery, all with firearm specifications. Hines, through counsel, contends that the trial court erred in sentencing him to consecutive sentences. Hines also makes a pro se argument that the trial court committed reversible error in denying him the right to cross-examine a co-defendant. We find no error regarding these assignments of error, but we sua sponte recognize a sentencing error. Accordingly, although we affirm appellant's conviction, we remand to the trial court to correct the entry of sentencing to reflect the merger of the two homicides.
 {¶ 2} The record reflects that at approximately 9:00 p.m. on November 29, 2003, the victim, Mahir Sammour, and his brother-in-law locked up Sammour's Big Star Market in Cleveland and drove separately to their homes. Unknown to the victim, as he locked the doors of his store, two individuals in an SUV waited and watched him. The men, David Hines and Lewis Brown, assumed that the victim would be carrying the day's cash receipts on his person and intended to rob him.
 {¶ 3} Lloyd Douglas, a friend of Brown's, had previously worked for Sammour and suggested the robbery to Brown. Douglas planned to participate in the robbery with Hines and Brown, and rode with them to the market. En route, however, he asked whether they needed masks to cover their faces during the robbery. Brown responded, "We ain't need none because we ain't leaving no witnesses." When the SUV stopped, Douglas got out of the vehicle "because the plan was to rob him, not to kill him."
 {¶ 4} Brown and Hines followed the victim to his home in North Olmsted. When the victim left his car, Brown exited the SUV and shot him six times. On the ride back to Cleveland, Brown told Hines that he shot the victim because "he looked at me like he knew me." Brown then gave Hines $55 of the $100 he had taken from the victim.
 {¶ 5} The jury convicted Hines of murder, in violation of R.C. 2903.02; aggravated murder, in violation of R.C. 2903.01; and aggravated robbery, in violation of R.C. 2911.01. All the counts contained firearm specifications.
 {¶ 6} The trial court sentenced Hines to three years on the firearm specifications, 15 years to life on the murder conviction, 20 years to life on the aggravated murder conviction, and three years on the aggravated robbery conviction.
 {¶ 7} Hines now appeals, raising two assignments of error.
 {¶ 8} In his first assignment of error, Hines argues that the trial court erred in sentencing him to consecutive sentences.
 {¶ 9} Hines incorrectly believes that the three years on the aggravated robbery conviction are to be served consecutive to three years on the firearm specification and 20 years to life on the aggravated murder conviction. At the sentencing hearing, the trial judge stated:
 {¶ 10} "With respect to the aggravated robbery, I am going to sentence Mr. Hines to a term of three years on the gun specification, which will merge with counts one and two, and three years on the aggravated robbery to be served consecutive to the other two sentences."
 {¶ 11} The court's journal entry, however, states the following:
 {¶ 12} "The court imposes a prison term at Lorain Correctional Institution of three years on firearm spec in count one, to run prior to and consecutive to time of 15 years to life on base charge in count one; three years on firearm spec in count two, to run prior to and consecutive to time of 20 years to life on base charge in count two; three years on firearm spec in count three, to run prior to and consecutive to time of three years on base charge in count three. All base charges to runconcurrent with each other." (Emphasis added.)
 {¶ 13} It is axiomatic that a court speaks through its journal. Statev. Percy, Cuyahoga App. No. 84202, 2004-Ohio-5870, at ¶ 4, citing Stateex rel. Worcester v. Donnellon (1990), 49 Ohio St.3d 117, 118; see, also, State v. King (1994), 70 Ohio St.3d 158, 162. A pronouncement of sentence, therefore, does not become the official action of the court unless and until it is entered upon the court's journal. Percy, supra, citing State ex rel. Hansen v. Reed (1992), 63 Ohio St.3d 597.
 {¶ 14} Because the journal entry before this court indicates that the court imposed concurrent, rather than consecutive sentences, appellant's assignment of error is not well taken and is overruled.[1]
 {¶ 15} At oral argument, the prosecutor argued that the trial judge actually meant to impose consecutive sentences and that the matter should be remanded so the trial court could correct its entry. The State did not file a notice of appeal from the purportedly incorrect journal entry or a cross-appeal regarding Hines' appeal, and therefore, is now precluded from raising this issue. See App.R. 3(A) and (C).
 {¶ 16} We find, however, a sentencing error not raised by either the State or appellant's counsel; to wit, although there was one murder, the trial court sentenced Hines on both the murder and aggravated murder convictions. As the Ohio Supreme Court recognized in State v. Huertas
(1990), 51 Ohio St.3d 22, "appellant cannot be convicted twice for a single offense."
 {¶ 17} Hines was indicted on two counts of aggravated murder. Count one charged Hines with purposeful killing with prior calculation and design; count two charged him with killing while committing or attempting to commit, or while fleeing after committing or attempting to commit aggravated robbery. Both counts were consistent with the facts of the case, but presented alternative theories of guilt. The jury convicted Hines of the lesser included offense of murder regarding count one and of aggravated murder in count two.
 {¶ 18} Nevertheless, where the same conduct by a defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one. R.C. 2941.25(A). The term "convicted," as used in the statute, includes both the finding of guilt and the sentence imposed. State v. McClellan (June 27, 1991), Meigs App. No. 451, citing State v. Kent (1980), 68 Ohio App.2d 151. Thus, "a defendant may be indicted, tried and found guilty of multiple counts involving allied offenses of similar import, as long as he is sentenced under R.C. 2941.25(A) only on one count." State v. Powell (Aug. 17, 1988), Hamilton App. No. C-870091. See, also, State v. Darga (1985),30 Ohio App.3d 54, 55-56.[2]
 {¶ 19} Here, the same alleged conduct by Hines, i.e., the killing of Sammour, formed the factual basis for counts one and two of the indictment. Because the same conduct was construed to constitute two allied offenses of similar import, Hines could be convicted (i.e., found guilty and sentenced) of only one, but not both, of the two counts of aggravated murder.
 {¶ 20} The trial court did not merge appellant's sentence of 15 years to life for the offense of murder into the sentence of 20 years to life for the offense of aggravated murder. Accordingly, the matter must be remanded for correction. The trial court is instructed, upon remand, to correct the journal entry to reflect that although appellant was found guilty of both murder and aggravated murder, because there was one homicide, the sentence for the offense of murder merges with the sentence for the offense of aggravated murder, and, therefore, appellant is sentenced to 20 years to life for aggravated murder.
 {¶ 21} In his second assignment of error, Hines argues pro se that the trial court denied him his Sixth Amendment right to confrontation by allowing the prosecutor to read into the record statements Brown made to the police which allegedly inculpated him in the murder. Hines contends that because Brown was not a witness at trial, he was denied his right to cross-examine him regarding the statements.
 {¶ 22} Hines does not direct us to the pages in the record where the alleged error occurred. App.R. 16(A)(7) requires the appellant, in his brief, to provide "an argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record upon which appellantrelies." (Emphasis added.) Further, App.R. 12(A)(2) allows a reviewing court to "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based."
 {¶ 23} Although it is not an appellate court's obligation to search the record for evidence to support an appellant's argument as to any alleged error, State v. Ozeta, 4th Dist. No. 02CA746, 2004-Ohio-329, at ¶ 18, we carefully reviewed the entire record in this matter. Our review of the entire record indicates that the prosecutor did not, at any time during trial, read or even reference any portions of Brown's statements. Accordingly, appellant's second assignment of error is overruled.
 {¶ 24} Conviction affirmed; limited remand to correct the entry of sentencing to reflect the merger of the crimes of murder and aggravated murder for purposes of sentencing.
 {¶ 25} This cause is remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant and appellee share costs equally.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., concurs.
 Corrigan, J., concurs in judgment only.
[1] We are confident that the journal entry reflects the trial judge's intention to sentence Hines to concurrent sentences because the judge's handwritten entry, from which the typed journal entry is prepared, specifies concurrent, rather than consecutive, sentences.
[2] The Ohio Supreme Court has described R.C. 2941.25 as a legislative attempt to codify the common law doctrine of merger.