JOURNAL ENTRY AND OPINION
{¶ 1} David Lee Hines has filed an application for reopening pursuant to App.R. 26(B). Hines is attempting to reopen the appellate judgment that was rendered by this court in State v.Hines, Cuyahoga App. No. 84218, 2005-Ohio-4421. We decline to reopen Hines' original appeal.
 {¶ 2} As required by App.R. 26(B)(2)(b), Hines must establish "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment" which is subject to reopening. The Supreme Court of Ohio, with regard to the ninety-day deadline as provided by App.R. 26(B)(2)(b), has recently established that:
We now reject Gumm's claim that those excuses gave him good cause to miss the 90-day deadline in App.R. 26(B). The rule was amended to include the 90-day deadline more than seven months before Gumm's appeal of right was decided by the court of appeals in February 1994, so the rule was firmly established then, just as it is today. Consistent enforcement of the rule's deadline bythe appellate courts in Ohio protects on the one hand the state'slegitimate interest in the finality of its judgments and ensureson the other hand that any claims of ineffective assistance ofappellate counsel are promptly examined and resolved. Ohio andother states "may erect reasonable procedural requirements fortriggering the right to an adjudication," Logan v. ZimmermanBrush Co. (1982), 455 U.S. 422, 437, 102 S.Ct 1148,71 L.Ed 2d 265, and that is what Ohio has done by creating a 90-day deadlinefor the filing of applications to reopen. Gumm could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * * * The 90-day requirement in the rule is "applicable to allappellants," State v. Winstead (1996), 74 Ohio St.3d 277,278, 1996 Ohio 52, 658 N.E.2d 722, and Gumm offers no soundreason why he — unlike so many other Ohio criminal defendants —could not comply with that fundamental aspect of the rule.
(Emphasis added.)
State v. Gumm, 103 Ohio St.3d 162, 2004-Ohio-4755,814 N.E.2d 861, at 163.
 {¶ 3} See, also, State v. Lamar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970; State v. Cooey,73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; State v. Reddick,72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784. Herein, Hines is attempting to reopen the appellate judgment that was journalized on September 6, 2005. The application for reopening was not filed until December 9, 2005, more than ninety days after journalization of the appellate judgement in State v. Hines,
supra. Hines has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. Statev. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994),69 Ohio St.3d 1481; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317.
 {¶ 4} Accordingly, the application for reopening is denied.
Gallagher, J., Concurs.
 McMonagle, J., Concurs.