OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant, Sue Ann Hutchins, appeals the judgment of the Bellefontaine Municipal Court revoking her probation and ordering her to serve a jail term of one hundred eighty days. On appeal, Hutchins argues that the trial court erred by failing to notify her of a pending probation revocation proceeding and by not holding a hearing prior to revoking her probation and imposing a jail sentence. Finding that the trial court erred in revoking her probation and imposing a jail sentence without proper notice, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
 {¶ 3} In March 2005, the Bellefontaine Police Department investigated Hutchins and her boyfriend, Michael Robinson, Sr., after Logan County Children's Services reported that Hutchins' seven year-old daughter exhibited severe bruising on her face and body. Subsequently, Robinson admitted to police that he may have caused the child's bruising by roughhousing. Also, Hutchins admitted to police that Robinson had told his minor sons to "toughen [the child] up" and that the boys had given her a black eye, picked her up and dropped her, and bent her glasses. *Page 3 
 {¶ 4} In April 2005, the State filed a complaint against Hutchins alleging one count of child endangering in violation of R.C. 2919.22(A), a misdemeanor of the first degree.
 {¶ 5} In June 2005, Hutchins entered a plea of no contest to the count alleged in the complaint. The trial court accepted Hutchins' no contest plea, convicted her, and sentenced her to a six-month jail term and a $100.00 fine. Thereafter, the trial court suspended the jail term and fine on the condition that Hutchins be placed on probation[1] for two years according to the following terms:
 1. Defendant shall be a law abiding citizen for a period of two (2) years;
 2. Defendant shall successfully enroll in and complete parenting classes;
 3. Defendant shall not cohabitate with Michael Robinson.
(June 2005 Judgment Entry/ Probation Order, p. 1).
 {¶ 6} On March 1, 2007, the State filed another complaint against Hutchins alleging one count of permitting child abuse in violation of R.C. 2903.15(A), a felony of the third degree. On March 12, 2007, the trial court held a preliminary hearing, at which Detective Scott Sebring of the Bellefontaine Police Department testified that, in February 2007, he was dispatched to a hospital where he observed Robinson's and Hutchins' infant son in critical condition due to severe bruising of his face and body. Detective Sebring further testified that Hutchins informed him that Robinson had been "playing much to *Page 4 
[sic] rough" with the infant and that she had not contacted the police or Children's services. (Hearing Tr., p. 8).
 {¶ 7} Based upon Detective Sebring's testimony, the trial court found "* * * probable cause to believe that Ms. Hutchins has committed the crime with which she has been charged, and, accordingly, [ordered] that she be bound over to the Logan County Common Pleas Court." (Hearing Tr., p. 17). The trial court did not address Hutchins' probation at any point during the hearing.
 {¶ 8} On March 26, 2007, the trial court terminated Hutchins' probation and imposed the remainder of her jail sentence, stating:
 Based upon testimony presented before this court on March 12, 2007, the court is satisfied that defendant has violated the terms of her probation. Accordingly, the probation order previously imposed in the case is hereby terminated, and defendant shall begin serving the remainder of her sentence immediately.
(Mar. 2007 Judgment Entry, p. 1).
 {¶ 9} It is from this judgment that Hutchins appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE BELLEFONTAINE MUNICIPAL COURT ERRED IN RULING THAT MS. HUTCHINS VIOLATED HER PROBATION WITHOUT NOTIFYING HER OF A HEARING ON THE ISSUE OF PROBATION. *Page 5 
 Assignment of Error No. II THE BELLEFONTAINE MUNICIPAL COURT ERRED BY NOT HAVING A PROBATION VIOLATION HEARING PRIOR TO REVOKING HER PROBATION AND IMPOSING HER JAIL SENTENCE.
 {¶ 10} Due to the nature of Hutchins' assignments of error, we elect to address them together.
 Assignments of Error Nos. I II {¶ 11} In her first and second assignments of error, Hutchins argues that the trial court erred in revoking her probation and imposing her prior suspended jail sentence because the trial court did not hold a probation violation hearing or notify her that one was being held. Specifically, Hutchins asserts that the trial court did not comply with the Criminal Rules; that the trial court denied her due process of law; and, that there is no evidence that she violated her probation terms.
 {¶ 12} A trial court has sound discretion in making a decision to revoke probation. State v. McKnight (1983), 10 Ohio App.3d 312, 313. Thus, "[u]nless there is an abuse of discretion, a reviewing court will not reverse the trial court's decision. An abuse of discretion implies more than an error of law or judgment; it connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable."State v. Nagle (2000), 11th Dist. No. 99-L-089, 2000 WL 777835, citingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} Crim.R. 32.3(A) governs probation revocation and states that: *Page 6 
 The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed. The defendant may be admitted to bail pending hearing.
 {¶ 14} In addition to the requirements of Crim.R. 32.3(A), this Court has found that, "[a] defendant whose probation may be revoked as a result of a probation violation is entitled to due process." State v.Osborn, 3d Dist. No. 9-05-35, 2006-Ohio-1890, at ¶ 8, citing Gagnon v.Scarpelli (1973), 411 U.S. 778, 786; Morrissey v. Brewer (1972),408 U.S. 471, 477. In order to ensure due process, a defendant must receive notice of a pending probation hearing and, further, "[i]t is well settled law that before probation can be revoked, a probationer must be granted both a preliminary and a subsequent final revocation hearing."Osborn, 2006-Ohio-1890, at ¶ 8, citing Morrissey, 408 U.S. at 477;State v. Qualls (1988), 50 Ohio App.3d 56, 57.
 {¶ 15} Here, the record reflects no evidence that Hutchins received notice that a probation revocation proceeding was pending against her or that such a hearing was to be held. Further, the record does not show that the trial court notified Hutchins that the preliminary hearing regarding her pending felony of permitting child abuse would also constitute her probation revocation hearing. The only document in the record pertaining to her probation revocation is the trial court's judgment entry terminating probation. The State concedes that Hutchins was entitled to receive notice of her alleged probation violation and probation revocation hearing and that the record reflects no evidence that *Page 7 
Hutchins received either. Therefore, the trial court failed to provide the requisite notice under Crim.R. 32.3(A) and violated Hutchins' due process right to receive notice of her alleged probation violation and hearing.
 {¶ 16} Based on our finding that Hutchins' due process rights were violated, we need not address whether the trial court had sufficient evidence that Hutchins violated the terms of her probation.
 {¶ 17} Accordingly, we sustain Hutchins' assignments of error.
 {¶ 18} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
SHAW and PRESTON, JJ., concur.
[1] We note that the trial court referred to "probation" in both the June 2005 and March 2007 judgment entries, although R.C. 2929.25, effective January 1, 2004, provides that courts may impose "community control" and not "probation" on misdemeanor offenders. However, the trial court's misnomer does not change our result in this case. *Page 1