OPINION *Page 2 
{¶ 1} Defendant-Appellant Zachary Bondurant ("Bondurant") appeals from the February 28, 2008 Judgment Entry of the Court of Common Pleas, Marion County, Ohio terminating and revoking Bondurant's judicial release and imposing his original prison sentence of eleven months.
 {¶ 2} This matter stems from Bondurant's plea of guilty to the charge of possession of cocaine on March 2, 2006. Pursuant to his plea, Bondurant was placed on two years of community control. At sentencing, Bondurant was informed that if he violated the terms of his community control, he could be placed in prison for eleven months and subjected to an additional period of post release control.
 {¶ 3} A violation alleging Bondurant violated six conditions of his community control was filed. On August 30, 2006 his community control was revoked. Bondurant was sentenced to serve the eleven month prison term.
 {¶ 4} On October 13, 2006 Bondurant moved for judicial release. Bondurant's motion for judicial release was granted on November 16, 2006. When it granted judicial release, the trial court also placed Bondurant on an additional two years of community control sanctions. The trial court also ordered Bondurant to complete the program at the Crossroads Center for Change. *Page 3 
 {¶ 5} On July 5, 2007 and July 19, 2007 motions were filed alleging Bondurant violated his community control sanctions. Bondurant was sentenced to serve 25 days in jail for his community control violations.
 {¶ 6} On October 24, 2007 another motion was filed alleging Bondurant violated his community control sanctions. A hearing was held on this violation on February 8, 2008 and the trial court found probable cause to believe Bondurant violated his community control. An additional hearing was held on February 26, 2006.
 {¶ 7} In a Judgment Entry dated February 28, 2006 the trial court revoked Bondurant's judicial release and reimposed the eleven month sentence. Bondurant was given credit for 62 days of local jail time and credit for any prison time previously served pursuant to the original imposition of his sentence.
 {¶ 8} Bondurant now appeals asserting a single assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY DENYING HIS MOTION FOR REDUCTION OF PRISON SENTENCE AND CREDITY [SIC] FOR TIME SPENT IN A COMMUNITY RESIDENTIAL SANCTION/HALFWAY HOUSE.
 {¶ 9} In his sole assignment of error, Bondurant argues that the trial court erred when it revoked judicial release and reimposed his prison sentence without reducing the prison sentence by a credit for time spent at the Crossroads Center for Change. *Page 4 
 {¶ 10} R.C. 2929.20 controls the imposition of judicial release, as well as the reimposition of the original sentence after a violation of community control, in pertinent part, as follows:
 (1) If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate community control conditions, and under the supervision of the department of probation serving the court, and shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense. The period of the community control sanction shall be no longer than five years. The court, in its discretion, may reduce the period of the community control sanction by the amount of time the eligible offender spent in jail for the offense and in prison. If the court made any findings pursuant to division (H)(1) of this section, the court shall serve a copy of the findings upon counsel for the parties within fifteen days after the date on which the court grants the motion for judicial release.
See also State v. Mann, 3rd Dist. No. 3-3-42,2004-Ohio-4703.
 {¶ 11} Accordingly, if a defendant violates the conditions of judicial release, the trial court is limited to reimposing the original term of incarceration with credit for time already served. State v. Hoy, 3rd Dist. Nos. 14-04-13 14-04-14, 2005-Ohio-1093, ¶ 21; R.C. 2929.20(I). *Page 5 
 {¶ 12} In the present case, the trial court was asked to determine if the time Bondurant spent at the Crossroads Center for Change qualified as confinement, sufficient to warrant credit for time served. R.C. 2967.191 provides that a defendant should be credited for "the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted . . ."
 {¶ 13} In State v. Snowder, 87 Ohio St.3d 335, 720 N.E.2d 909,1999-Ohio-135, the Ohio Supreme Court determined what type of community based corrections programs were sufficient to qualify as confinement. Specifically, the court found that
 A CBCF must include "a physical facility that will be used for the confinement of persons * * * sentenced to the facility." R.C. 2301.52(A); 146 Ohio Laws, Part IV, 7231. By the terms of his probation, Snowder was required to enter the CBCF. A CBCF must "[b]e a secure facility that contains lockups and other measures sufficient to ensure the safety of the surrounding community." R.C. 2301.52(A)(1). Snowder stipulated that he was not allowed to leave the CBCF without permission. It appears beyond doubt that entry into a CBCF constitutes confinement.
 {¶ 14} The court affirmed the Snowder holding in State v. Napier,93 Ohio St.3d 646, 758 N.E.2d 1127, 2001-Ohio-1890, finding that time spent in a rehabilitation facility where one's ability to leave whenever he or she wishes is restricted may be confinement for the purposes of R.C. 2967.191. *Page 6 
 {¶ 15} Therefore, "the trial court must review the nature of the program to determine whether the restrictions on the participants are so stringent as to constitute `confinement' as contemplated by the legislature." State v. Osborn, 3rd Dist. No. 9-05-35,2006-Ohio-1890, at ¶ 21 (internal citations omitted). More specifically, the trial court must conduct a hearing to evaluate the nature of the program to determine if it met the definition of confinement. State v.Hull, 3rd Dist. No. 9-02-51, 2003-Ohio-396.
 {¶ 16} In the case sub judice, the trial court conducted a hearing concerning the Crossroads Center for Change program on February 26, 2008. However, the only testimony presented by Bondurant was his own vague testimony concerning the requirements of the program. Bondurant testified as follows:
 A: Well, when I arrived at the facility, took a couple days, talked to the lady Miss Black, she did all the paperwork and I signed all the papers and when I was signing the papers there she notified me that I'd be on the first 30 days restriction; no movement, and she said if I absconded from the facility that I'd be charged with a felony, a less degree felony than my original sentence.
 Q: Your original sentence was F5, how could you be charged with a lesser offense?
 A: I don't know. Maybe she was talking about a Felony 4.
 * * *
 Q: Anyway were you not free to leave? *Page 7 
 A: Because I was on restriction. Then when I was able to get out and I had to fill out passes an get `em approved by my Case Manager to go look for a job after the 30 days, and I was successful with that, found a job, but I had to put in a pass each week to go to work.
 Q: Mr. Bondurant, during the day you could walk off that facility, right?
 A: Yeah, if you wanted Escape —
 Q: You're problem is you're in trouble for violating the program, there's nothing to keep you physically —
 A: Just technicians and cameras watching.
 * * *
 Q: But you could leave — you could have left, right? Physically?
 A: I could of left, but it would have been violation of the papers I signed.
(Tr.p. Hearing February 26, 2008 at 19-23).
 {¶ 17} Although Bondurant presented his own testimony concerning the regulations at the Crossroads Center for Change, no other testimony was presented concerning the actual security requirements at the Center. In this case, we accept the trial court's evaluation of Bondurant's self-serving testimony, as we are mindful that the credibility to be afforded the testimony of the witnesses is to be determined by the trier of fact. State v. Dye (1998), 82 Ohio St.3d 323, 329, 695 N.E.2d 763,1998-Ohio-234; State v. Frazier (1995), 73 Ohio St.3d 323,652 N.E.2d 1000, 1995-Ohio-235. *Page 8 
 {¶ 18} Therefore, we cannot find that the trial court abused its discretion or acted contrary to law in denying Bondurant credit for time spent at the Crossroads Center for Change. Accordingly, Bondurant's sole assignment of error is overruled and the February 28, 2008 Judgment Entry of the Court of Common Pleas, Marion County, Ohio is affirmed.
Judgment affirmed.
 PRESTON, J., concurs.
 ROGERS, J., concurs in judgment only. *Page 1