[Cite as *State v. Wareham*, 2013-Ohio-1494.]

# IN THE COURT  OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                    CASE NO.  3-12-10

      v.

LOVELL C. WAREHAM,                    O P I N I O N

      DEFENDANT-APPELLANT.


Appeal from Crawford County Common Pleas Court
Trial Court No. 10-CR-0066

**Judgment Affirmed**

Date of Decision:   April 15, 2013


APPEARANCES:

    *Shane M. Leuthold*  for Appellant

    *Clifford J. Murphy*  for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Lovell Wareham, appeals the judgment of the Court of Common Pleas of Crawford County finding that he violated his community control and sentencing him to an 11-month prison term. On appeal, Wareham argues that the trial court erred by: (1) failing to consider and make findings regarding the potential for sanctions that were less severe than prison; and (2) recommending that Wareham's sentence for his community control violation be served consecutively to his sentence in another case. For the reasons that follow, we affirm the trial court's judgment.

{¶2} On April 18, 2010, the Crawford County Grand Jury indicted Wareham on one count of breaking and entering in violation of R.C. 2911.13, a felony of the fifth degree. He pleaded guilty and the trial court sentenced Wareham to three years of community control on July 20, 2010. As part of his community control, Wareham was instructed to obey all federal, state, and local laws. When imposing community control, the trial court notified Wareham that "[v]iolation of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of twelve (12) months." (Docket No. 12, p. 3).

{¶3} On February 24, 2012, the State moved to revoke Wareham's community control. The basis for the motion was the State's discovery that Wareham was involved in a sexual relationship with a 13-year old child. This

relationship gave rise to a separate case in which Wareham faced a charge of unlawful sexual contact with a minor, a felony of the fourth degree. A community control violation hearing was conducted on July 16, 2012, but the trial court abstained from entering a judgment at that time since Wareham's trial in the unlawful sexual contact case was still pending.[1]

{¶4} On August 20, 2012, the trial court conducted another community control violation hearing. The State represented that before the hearing, Wareham was convicted of unlawful sexual contact with a minor, but that he had not yet received his sentence in that matter. The trial court then orally stated its finding and sentence:

> I'm gonna find based upon the testimony that I heard that you violated your probation and, of course, the conviction is a violation of your probation; and your Community Control is going to be revoked and you're gonna serve an 11-month sentence in the state penitentuary [sic]. I'll make a notation that's to be served consecutive with any violation you get in your new case, however, that's up to the judge, the sentencing judge on that.[2] Tr., p. 5-6.

On September 6, 2012, the trial court issued a judgment entry revoking Wareham's community control and imposing an 11-month prison term for his

---

[1] The record before us does not contain the transcript of the July 16, 2012 hearing or the filings from Wareham's case relating to unlawful sexual contact with a minor.

[2] Wareham was sentenced to three years of community control. As such, the trial court should have referred to Wareham violating community control, not probation.

violation.[3] The trial court furthered ordered that the "prison sentence shall be served consecutively to any other prison sentence the defendant is under." (Docket No. 23, p. 1-2).

**{¶5}** Wareham filed this timely appeal, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT ERRED IN NOT CONSIDERING ANY OF THE LESS SEVERE SANCTIONS, OTHER THAN PRISON, WHEN SENTENCING APPELLANT, AND FOR FAILING TO MAKE ANY FINDINGS AS TO WHY THE LESS SEVERE SANCTIONS WOULD NOT BE APPROPRIATE.**

*Assignment of Error No. II*

**THE VISITING JUDGE ERRED BY ORDERING THE COMMUNITY CONTROL SANCTION TO RUN CONSECUTIVE WITH A NEW CHARGE THAT APPELLANT HAD YET TO BE SENTENCED ON.**

*Assignment of Error No. I*

**{¶6}** In his first assignment of error, Wareham argues that the trial court improperly failed to consider less severe sanctions than prison for his community

---

[3] We note that the trial court's judgment entry fails to state the basis for its revocation of Wareham's community control. Since the trial court orally stated the basis for the revocation at the hearing, this does not amount to reversible error. *E.g.*, *State v. Osborn*, 3d Dist. No. 9-05-35, 2006-Ohio-1890, ¶ 10 ("[A]n oral statement made on the record by the court in lieu of a written statement is deemed to satisfy the [due process] requirement of a written statement * * *."), citing *State v. Delaney*, 11 Ohio St.3d 231, 235 (1984). Although this does not create reversible error, we are mindful that such "oral 'explanations'" are not "condone[d]" by the Supreme Court of Ohio. *Delaney* at 235.

control violation and failed to make findings regarding those sanctions. We disagree.

{¶7} R.C. 2929.15(B) governs the imposition of sanctions for a defendant's violation of his community control. It provides, in pertinent part, as follows:

> (1) If the conditions of a community control sanction are violated or if the offender violates a law * * *, the sentencing court may impose one or more of the following penalties:
>
> (a) A longer time under the same sanction if the total time under the sanction does not exceed the five-year limit specified in division (A) of this section;
>
> (b) A more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code;
>
> (c) A prison term on the offender pursuant to Section 2929.14 of the Revised Code.
>
> (2) The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison terms specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) of Section 2929.19 of the Revised Code. R.C. 2929.15(B).

{¶8} The trial court has significant discretion in sentencing a defendant for a community control violation, so long as it is consistent with the purposes and principles of sentencing and with notification provided by the trial court when imposing the community control sanctions. *See* R.C. 2929.15(B)(2); *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 20 (stating that a trial court has "a

great deal of latitude in sentencing" an offender for a community control violation). In setting such a term, the trial court need not make findings or give reasons for imposing a maximum sentence or more than a minimum sentence. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus; *see also State v. Anderson*, 2d Dist. No. 24657, 2012-ohio-957, ¶ 11 (applying *Foster* framework to sentencing for community control violations). Still, when sentencing an offender for a community control violation, the trial court must "consider both the seriousness of the original offense leading to the imposition of community control and the gravity of the community control violation." *Brooks* at ¶ 20.

**{¶9}** The record here supports the trial court's imposition of an 11-month sentence for Wareham's community control violation. Wareham violated his community control by engaging in an ongoing sexual relationship with a 13-year old child. At the second community control hearing, Wareham's attorney tended to downplay such behavior as simply "overly chasing the ladies." Tr., p. 4. Additionally, the trial court indicated that Wareham's admission to the relationship at the second hearing contradicted his earlier representations at the first hearing. In light of this evidence, Wareham's violation of community control resulted from abhorrent and generally unrepentant behavior. Based on the gravity of his violation and the seriousness of his original conviction for breaking and

entering, we are unable to find that the trial court's sentence was contrary to law. *See Anderson* at ¶ 14 (affirming sentence for community control violation despite the defendant's argument that the trial court should have considered and imposed a less severe sanction). We also note that the trial court's sentence for the community control violation was consistent with the notification given to Wareham when he was originally sentenced on the breaking and entering conviction.

{¶10} Wareham cites to *State v. McPherson*, 142 Ohio App.3d 274 (4th Dist. 2001), in support of his position that trial courts must consider and make findings regarding lesser severe sanctions when imposing sentence for a community control violation. However, a review of *McPherson* reveals that it does not apply in this matter. There, the Fourth District found that the trial court inappropriately sentenced the defendant because it imposed an automatic prison sentence without consideration of the purposes and principles of felony sentencing. Further, the court found that the trial court failed to properly advise the defendant of the potential prison term for a violation of his community control. *Id* at 282-83. This matter implicates neither the trial court's automatic imposition of a prison term, nor its failure to advise the defendant of a potential prison term. Additionally, any guidance indicating that findings are necessary regarding lesser severe sanctions is inapposite since *McPherson* predates *Foster* and its elimination

of judicial fact-finding requirements for the imposition of sentences within the relevant statutory range. As such, we decline to apply *McPherson* here.

{¶11} Accordingly, we overrule Wareham's first assignment of error.

*Assignment of Error No. II*

{¶12} In his second assignment of error, Wareham argues that the trial court erred by ordering that the sentence for Wareham's community control violation run consecutively to his sentence for unlawful sexual contact with a minor. We disagree.

{¶13} We must initially resolve the appropriate scope of the record regarding this assignment of error. The State attached a judgment entry from Wareham's unlawful sexual contact with a minor case to its appellate brief in this matter. However, neither this entry nor any other filing from that case is included in the record for this matter. As such, the entry is not properly before us and we decline to consider it when addressing Wareham's argument. *See* App.R. 9(A)(1) (outlining the contours of the appellate record); *Deitz v. Deitz*, 3d Dist. No. 14-11-06, 2012-Ohio-130, ¶ 8 (stating that materials attached to appellate brief and not part of record are precluded from consideration).

{¶14} After reviewing the trial court's judgment entry of sentencing, we find that Wareham misapprehends its effect on his sentence. The judgment entry does not refer to Wareham's conviction in the unlawful sexual contact case, nor

does it state that his sentence for the community control violation is to run consecutively to his sentence in that case. Rather, the judgment entry merely states that Wareham's sentence in this matter is to "run consecutively to any other prison sentence [he] is under." (Docket No. 23, p. 1-2). Based on this language and the fact that Wareham had not been sentenced in his unlawful sexual contact case at the time of the sentencing hearing, we are unable to find that the trial court ordered Wareham to serve his sentence in this matter consecutively to any sentence he received in the unlawful sexual contact case.[4] Further, the trial court's explicit statement at the sentencing hearing that it would leave the decision regarding consecutive sentences to the sentencing judge in the unlawful sexual contact case reinforces our finding.

{¶15} Since the trial court did not order Wareham to serve his sentence for the community control violation consecutively to his sentence in the unlawful sexual contact case, there is no basis for this assignment of error. *See State v. Hines*, 8th Dist. No. 84218, 2005-Ohio-4421, ¶ 14 (overruling the defendant's assignment of error challenging consecutive sentences since the judgment entry reflected that the trial court did not impose consecutive sentences).

{¶16} Accordingly, we overrule Wareham's second assignment of error.

---

[4] Indeed, since the judgment entry fails to refer to any other sentence, it fails to order that Wareham serve his sentence for the community control violation consecutively to *any* sentence, whether it be the one he received in the unlawful sexual contact case or any other.

{¶17} Having found no error prejudicial to Wareham, in the particulars assigned and argued, we affirm the trial court's judgment.

*Judgment Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**