OPINION
{¶ 1} On June 10, 1999, the Richland County Grand Jury indicted appellant, Richard Holda, on eleven counts of sexual battery in violation of R.C. 2907.03. Said charges arose from incidents wherein appellant, a prison guard, had sexual relations with an inmate.
 {¶ 2} On October 26, 1999, appellant pled guilty to six counts of attempted sexual battery. The remaining five counts of sexual battery were dismissed. By sentencing entry filed December 7, 1999, the trial court sentenced appellant to an aggregate term of six years in prison.
 {¶ 3} On March 1, 2001, the trial court granted appellant judicial release and placed him on community control for five years. As a condition of his community control, the trial court ordered appellant to complete a sex offender program at the Volunteers of America Halfway House and Treatment Center.
 {¶ 4} On June 27, 2002, appellant's probation officer filed a motion to revoke appellant's probation. A hearing was held on August 15, 2003. By judgment entry filed August 18, 2003, the trial court granted the motion and re-imposed the original sentence.
 {¶ 5} On March 22, 2006, appellant filed a motion seeking credit for time served at the halfway house, April 6, 2001 to March 3, 2002, and in jail during the judicial release revocation proceedings, July 16, 2003 to August 18, 2003. By judgment entry filed March 29, 2006, the trial court denied credit for time served at the halfway house, and did not address the time served in jail.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS UNDER R.C. § 2967.191 AND UNDER THE DOUBLE JEOPARDY AND DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS BY DENYING HIM CREDIT FOR THE TIME HE SERVED AT THE VOLUNTEERS OF AMERICA HALFWAY HOUSE AND TREATMENT CENTER AND THE TIME HE SPENT IN JAIL FOR A JUDICIAL RELEASE VIOLATION."
 II {¶ 8} "THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS UNDER THE DOUBLE JEOPARDY AND DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS BY FAILING TO DETERMINE WHETHER APPELLANT WAS ENTITLED TO CREDIT FOR JAIL CONFINEMENT BETWEEN APPROXIMATELY JULY 16, 2003, AND AUGUST 18, 2003."
 I {¶ 9} Appellant claims the trial court erred in not granting him credit for time served in the Volunteers of America Halfway House and Treatment Center. We agree.
 {¶ 10} R.C. 2967.191 governs credit for confinement awaiting trial and commitment and states as follows:
 {¶ 11} "The adult parole authority shall reduce the minimum and maximum sentence or the definite sentence of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine his competence to stand trial or sanity, confinement in a community based correctional facility and program or district community based correctional facility and program, and confinement while awaiting transportation to the place where he is to serve his sentence."
 {¶ 12} The state argues the halfway house did not constitute "confinement." In State v. Napier, 93 Ohio St.3d 646,2001-Ohio-1890, the Supreme Court of Ohio rejected appellee's position, finding "confinement" includes facilities where a failure to return constitutes escape. "Confinement" also includes facilities that have day privileges only with permission, and only to specific places at designated times. Id.
 {¶ 13} Appellant's affidavit, Defendant's Exhibit A, is the only evidence in the record as to the nature of his time at the halfway house. The affidavit establishes the halfway house was an alarmed locked-down facility, with hourly head count and guarded movement to and from the dining hall. Although appellant could leave the premises, he could do so only with permission and a written plan. After six months, appellant could leave for employment, but he was monitored there.
 {¶ 14} In its March 1, 2001 order granting appellant judicial release, the trial court noted "leaving a residential program * * * without authorization, including failure to return after being granted temporary leave, is an escape in violation of ORC §2921.34 which will be prosecuted."
 {¶ 15} The state argues the trial court through its own knowledge of the halfway house, knew the nature of the facility was different, but the record is devoid of any evidence contrary to appellant's affidavit. The state did not respond to the motion for credit for time served.
 {¶ 16} Upon review, we find the trial court erred in denying appellant's request for credit served at the halfway house as the time constituted "confinement" under R.C. 2967.191.
 {¶ 17} Assignment of Error I is granted.
 II {¶ 18} Appellant claims the trial court erred in not granting him credit for the time he spent in jail during the judicial release revocation proceedings. The state concedes the trial court erred in not crediting the time. Appellee's Brief at 8.
 {¶ 19} Assignment of Error II is granted.
 {¶ 20} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed.
Farmer, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is reversed and the matter is remanded to said court for further proceedings consistent with this opinion.