[Cite as *State v. Caldwell*, 2011-Ohio-4385.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | Hon. Sheila G. Farmer, J. |
| | Hon. Julie A. Edwards, J. |
| -vs- | |
| MARCUS A. CALDWELL | Case No. 11CA40 |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas,
                             Case No. 07CR92H



JUDGMENT:                    Affirmed



DATE OF JUDGMENT ENTRY:      August 30, 2011



APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

DANIEL J. BENOIT                        PATRICIA O'DONNELL KITZLER
38 South Park Street                    3 North Main Street
Mansfield, OH  44902                    Suite 801
                                        Mansfield, OH  44902

*Farmer, J.*

{¶1}  On April 5, 2007, the Richland County Grand Jury indicted appellee, Marcus Caldwell, on two counts of trafficking in drugs (cocaine) in violation of R.C. 2925.03, two counts of possession of drugs (crack cocaine and marijuana) in violation of R.C. 2925.11, one count of possession of drug paraphernalia in violation of R.C. 2925.14, and a forfeiture specification in violation of R.C. 2925.42.  On September 13, 2007, appellee pled guilty to two counts of trafficking in drugs (crack cocaine), one count of possession of drugs, and the forfeiture specification.  By judgment entry filed November 1, 2007, the trial court sentenced appellee to an aggregate term of three years of community control with sanctions and conditions.

{¶2}  On December 1, 2008, the trial court revoked appellee's community control due to a probation violation and ordered him to serve three years in prison.

{¶3}  On August 26, 2010, appellee was granted judicial release and was placed on three years of community control which included time in the Volunteers of America program (hereinafter "VOA").

{¶4}  On February 23, 2011, the trial court again revoked appellee's community control due to a probation violation and ordered him to serve three years in prison.

{¶5}  On March 10, 2011, appellee filed a motion for additional jail time credit for the time he spent in the VOA program.  By judgment entry filed March 23, 2011, the trial court granted the motion and awarded appellee 139 days of jail time credit.

{¶6}  Appellant, the state of Ohio, filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶7}  "THE TRIAL COURT ERRED WHERE IT FAILED TO PROPERLY CALCULATE THE TOTAL CREDIT AFFORDED TO THE APPELLEE AND FAILED TO HOLD A HEARING TO DETERMINE THE NATURE OF THE APPELLEE'S PARTICIPATION IN THE VOLUNTEERS OF AMERICA AND WHAT ACCOUNTED TOWARD JAIL TIME CREDIT."

I

{¶8}  Appellant claims the trial court erred in granting appellee jail time credit for the time he spent in the VOA program.  Appellant also objects to the trial court granting the motion without holding a hearing.

{¶9}  Appellee challenges the state's right to appeal a sentence.  We disagree with appellee's argument.  The Ohio sentencing scheme permits a state challenge to a sentence if it is contrary to law:

{¶10}  "(B) In addition to any other right to appeal and except as provided in division (D) of this section, a prosecuting attorney, a city director of law, village solicitor, or similar chief legal officer of a municipal corporation, or the attorney general, if one of those persons prosecuted the case, may appeal as a matter of right a sentence imposed upon a defendant who is convicted of or pleads guilty to a felony or, in the circumstances described in division (B)(3) of this section the modification of a sentence imposed upon such a defendant, on any of the following grounds:

{¶11}  "(2) The sentence is contrary to law."  R.C. 2953.08(B)(2).

**{¶12}** We find appellant's challenge is to the legal issue of whether participation in the VOA program legally qualifies as confinement for jail time credit and therefore the issue is proper for appeal.

**{¶13}** We must note a procedural problem sub judice. Appellee filed his motion for jail time credit on March 10, 2011 with notice to appellant. Appellant did not file its objections with the trial court until March 22, 2011. Pursuant to Loc.R. 1.01(A) of the Richland County Court of Common Pleas, General Division, a reply or objection should have been filed within ten days of the filing of the motion. The tenth day would have been March 20, 2011. However, said date was a Sunday, so the tenth day for timely filing was March 21, 2011.

**{¶14}** We note a request for a hearing was not made, nor was any leave granted by the trial court for additional time.

**{¶15}** Our standard of review is abuse of discretion. *State v. Hill,* 70 Ohio St.3d 25, 1994-Ohio-12. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

**{¶16}** Our first inquiry is whether the trial court abused its discretion in disregarding appellant's objection which was untimely filed. We find the trial court did not abuse its discretion given the requirement of Loc.R. 1.01(A).

**{¶17}** Secondly, did the trial court abuse its discretion in considering appellee's community control participation in the VOA program in calculating jail time credit? Obviously, the answer is no. The trial court had complete discretion in determining the scope of the sentence in terminating appellee's community control. The trial court was

not fettered by the restrictions of the original sentence (one year on each count to be served consecutively), and it was within the trial court's discretion to give a lesser sentence upon terminating the community control (R.C. 2929.15):

{¶18} "(B)(1) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:

{¶19} "(a) A longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section;

{¶20} "(b) A more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code;

{¶21} "(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code.

{¶22} "(2) The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19 of the Revised Code.***The court may reduce the longer period of time that the offender is required to spend under the longer sanction, the more restrictive sanction, or a prison term imposed pursuant to this division by the time the offender successfully spent under the sanction that was initially imposed." (Footnote omitted.)

{¶23}  We note the new sentence was identical to the original sentence.  See, Judgment Entries filed November 1, 2007, December 1, 2008, August 26, 2010, and February 23, 2011.

{¶24}  Upon review, we find the trial court did not abuse its discretion, and the sentence was not contrary to law.

{¶25}  The sole assignment of error is denied.

{¶26}  The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Edwards, J. concur.


_s/ Sheila G. Farmer_____


_s/ W. Scott Gwin_____


_s/ Julie A. Edwards_____

JUDGES

SGF/sg 803

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellant           :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
MARCUS A. CALDWELL                     :
                                       :
    Defendant-Appellee            :          CASE NO. 11CA40


      For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs to appellant.


                     s/ Sheila G. Farmer_____


                     s/ W. Scott Gwin_____


                     s/ Julie A. Edwards_____

                           JUDGES