[Cite as *State v. Baker*, 2015-Ohio-3232.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102232**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DAVID BAKER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-587786-B

**BEFORE:** Jones, P.J., E.T. Gallagher, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 13, 2015

**ATTORNEYS FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Road
Suite 613
Cleveland, Ohio 44118

David H. Brown
The Gehring Building
1956 West 25th Street
Suite 302
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Mahmoud Awadallah
        Eleina Thomas
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant, David Baker, appeals his jail-time credit and the trial court's decision not to merge his aggravated murder and felonious assault convictions as allied offenses of similar import. We affirm.

**Procedural History and Facts**

{¶2} In 2014, Baker was charged in a 17-count indictment stemming from the shooting death of 21-year old Terria Nettles. In October 2014, he pleaded guilty to an amended indictment: one count of aggravated murder with a three-year firearm specification, three counts of felonious assault with three-year firearm specifications on each count, and one count of intimidation of a crime victim or witness, and having weapons while under disability. His codefendant, Chevarre Young, pleaded guilty to the same charges at the same hearing, except for having weapons while under disability, with which Young was not charged.[1]

{¶3} The trial court sentenced Baker to 30 years to life for aggravated murder, concurrent to three years for the felonious assault convictions, and 12 months for intimidation of a crime victim or witness. The court also sentenced him to consecutive sentences of 12 months for having weapons while under disability and six years on the firearm specifications for a total sentence of 37 years to life in prison.

{¶4} The following pertinent facts were presented by the state during the

---

[1]Young has appealed his conviction and sentence and this court affirmed. *See State v. Young*, 8th Dist. Cuyahoga No. 102202, 2015-Ohio-2862.

sentencing hearing. On December 18, 2013, Terria Nettles was driving her friend Ashley Acoff's car with Acoff in the front passenger seat and Juantaviyan Smith in the backseat. They were on their way to visit Acoff's boyfriend, but she did not know where he lived, so Nettles drove around slowly looking for the address. When Nettles realized she had driven past the house, she pulled into a driveway to turn around. Lashawnda Greer passed by in her car and inadvertently blocked Acoff's car in the driveway Acoff had turned into. At this point, Baker and Young, who were known drug dealers, ran outside and began shooting at the cars, firing several shots.

{¶5} Nettles was shot in the head and immediately died from her injuries. Several more bullets entered the vehicle but missed Acoff and Smith. Bullets struck Greer's car but also missed her. Baker and Young did not know the victims; the parties indicated at the sentencing hearing that the men were waiting for someone else.

{¶6} The police executed a search warrant on the apartment where Young and Baker were staying and were able to match Young's DNA to one of the guns that was used in the shooting. The police also found Baker and Young's DNA on other guns and gun parts as well as on packaged cocaine and heroin that the police seized during execution of the warrant.

{¶7} At the sentencing hearing, the trial court informed Baker of his appellate rights, postrelease control responsibilities, and that he would be given credit for time he had already served in jail.

**Assignments of Error**

I:   The Trial Court committed error by sentencing David Baker absent addressing his credit for time served in incarceration during the hearing.

II:   The Court erred by sentencing David Baker separately for allied offenses of similar import.

**Law and Analysis**

{¶8} In the first assignment of error, Baker argues that the trial court erred by sentencing Baker without giving him credit for time served.

{¶9} R.C. 2967.191 governs credit for confinement awaiting trial and commitment and states the following:

The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility. The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner or, if the prisoner is serving a

term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

{¶10} Pursuant to R.C. 2929.19(B)(2), "if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:"

(g)(i) Determine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code. The court's calculation shall not include the number of days, if any, that the offender previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

{¶11} At the sentencing hearing, the trial court stated that Baker would be "given credit for time served." In the sentencing journal entry, the court indicated that Baker was to receive jail-time credit for 239 days.

{¶12} Baker does not contest the amount of time he was given; rather he claims

that the trial court erred because it did not inform him orally at the sentencing hearing the amount of time he would be given credit. Because Baker did not contest this issue at the trial court level, he has waived all but plain error. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." An error rises to the level of plain error only if, but for the error, the outcome of the proceedings would have been different. *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶ 61; *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978).

{¶13} While we disagree with the state's position that there is no requirement that the trial court calculate and inform a defendant at the sentencing hearing of the amount of jail-time credit he or she will receive, we find that the court's omission does not rise to plain error in this case.

{¶14} R.C. 2929.19(B)(2)(g)(i) clearly states that a sentencing court, if it determines at the sentencing hearing that the defendant is receiving a prison term, *shall* determine and notify the offender of, and include in the sentencing entry, the number of days of credit the offender shall receive. Thus, the trial court had a duty to calculate jail-time credit at the time of sentencing. *See State v. Santamaria*, 9th Dist. Summit No. 26963, 2014-Ohio-4787, ¶ 10 (pursuant to R.C. 2929.19(B)(2)(g)(i), the trial court had a duty to calculate the defendant's jail-time credit at the time of his resentencing, notify him of the number of days he would be credited, and memorialize that information in the sentencing entry); *see also State v. Fitzgerald*, 8th Dist. Cuyahoga No. 98723,

2013-Ohio-1893, ¶ 5-7 (Boyle, J., concurring) (amendments to R.C. 2929.19 impose a duty upon a trial court at the time of sentencing to determine jail-time credit).

{¶15} As mentioned, Baker does not contest the amount of credit he was given. A review of the record shows that he was given the appropriate amount of credit. Thus, Baker cannot show that he was prejudiced by the trial court's failure to determine and notify him of his jail-time credit at his sentencing hearing.

{¶16} In light of the above, the first assignment of error is overruled.

{¶17} In the second assignment of error, Baker argues that the trial court erred when it did not consider whether his felonious assault and murder convictions merge as allied offenses of similar import.

{¶18} R.C. 2941.25(A) provides that where the same conduct by a defendant "can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." But where the conduct constitutes two or more offenses of dissimilar import, or where the conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them. R.C. 2941.25(B).

{¶19} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court created a two-part test to determine if offenses should merge. The first prong requires that the court determine if the multiple offenses "were committed

by the same conduct." *Id.* at ¶ 47. The second prong is whether "it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other." *Id.* If both can be answered in the affirmative then the offenses must be merged. But "if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." *Id.* at ¶ 51.

{¶20} In *State v. Ruff*, Slip Opinion No. 2015-Ohio-995, ¶ 31, the Ohio Supreme Court clarified that courts are to consider three questions when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25: (1) Were the offenses dissimilar in import or significance? (2) Were the offenses committed separately? or (3) Were the offenses committed with separate animus or motivation? If a court can answer in the affirmative to any of the questions, then separate convictions are permitted. *Id.* Thus, the trial court must consider a defendant's conduct, the animus, and the import. *Id.*

{¶21} But the Ohio Supreme Court recently explained that the issue of allied offenses must be raised at the trial court level or it is waived. In *State v. Rogers,* Slip Opinion No. 2015-Ohio-2459, ¶ 3, the court held that the failure to raise the issue of allied offenses of similar import forfeits all but plain error. Such error "is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *Id.*

{¶22} Crim.R. 52(B) affords appellate courts discretion to correct plain errors or defects affecting substantial rights even if the accused failed to bring those errors to the trial court's attention. *Id.* at ¶ 22. But, the court determined, if a defendant fails to raise the issue at the trial court level, the burden is solely on that defendant, not on the state or the trial court, to "demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus." *Id.* If a defendant fails to make the showing, then "the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error." *Id.*

{¶23} The *Rogers* court noted that "even if the error is obvious, it must have affected substantial rights, and * * * 'the trial court's error must have affected the outcome of the trial.'" *Id.* The accused is therefore required to demonstrate a reasonable probability that the error resulted in prejudice — the same deferential standard for reviewing ineffective assistance of counsel claims. *Id.*, citing *United States v. Dominguez Benitez*, 542 U.S. 74, 81-83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

{¶24} The *Rogers* court further cautioned that even if the defendant is able to make the necessary showing that the trial court committed plain error that affected the outcome of the proceedings, the reviewing court is not required to correct it; "we have 'admonish[ed] courts to notice plain error "with the utmost caution, under exceptional circumstances and *only* to prevent a manifest miscarriage of justice."'" (Emphasis sic). *Id.* at ¶ 23, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002),

quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), at paragraph three of the syllalbus.

**{¶25}** Here, Baker did not raise the issue of allied offenses in the trial court nor has he shown that plain error occurred. Baker pleaded guilty in Count 1 to the aggravated murder of Nettles, in Count 8 to the felonious assault of Acoff, in Count 9 to the felonious assault of Smith, and in Count 10 to the felonious assault of Greer. His conduct constituted offenses involving four separate victims. Thus, even if he had properly raised the issue at the trial court level, his felonious assault convictions would not have merge with each other or with the aggravated murder conviction because they involved four separate victims. *See State v. Allen*, 8th Dist. Cuyahoga No. 97014, 2012-Ohio-1831, ¶ 59. ("Separate convictions and sentences are permitted [under R.C. 2941.25] when a defendant's conduct results in multiple victims.")

**{¶26}** Accordingly, the second assignment of error is overruled.

**{¶27}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, SR., PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
SEAN C. GALLAGHER, J., CONCUR