[Cite as *State v. Anderson*, 2017-Ohio-904.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 16CA79 |
| | : | |
| CHRISTOPHER ANDERSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the Richland County Court
                                   of Common Pleas, Case No. 2012-CR-
                                   0240 R



JUDGMENT:                          AFFIRMED



DATE OF JUDGMENT ENTRY:            March 9, 2017



APPEARANCES:

For Plaintiff-Appellee:                     For Defendant-Appellant:

GARY D. BISHOP                              MATTHEW J. MALONE
RICHLAND COUNTY PROSECUTOR                  10 East Main Street
                                           Ashland, OH 44805
DANIEL M. ROGERS
38 S. Park Street
Mansfield, OH 44902

*Delaney, P.J.*

{¶1} Defendant-Appellant Christopher Anderson appeals the September 29, 2016 judgment entry of the Richland County Court of Common Pleas denying his Motion for Jail Time Credit. Plaintiff-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On August 22, 2012, Defendant-Appellant Christopher Anderson pled guilty to Aggravated Burglary in violation of R.C. 2911.11 and Felonious Assault in violation of R.C. 2903.11. The trial court sentenced Anderson to a four year prison term, a suspended three year prison term, five years community control, and five years mandatory post release control.

{¶3} The trial court granted Anderson judicial release on December 20, 2013.

{¶4} Anderson violated the terms of his community control and the trial court issued a bench warrant for his arrest. Upon his arrest, Anderson entered the Volunteers of America (VOA) program on May 22, 2014. VOA is a residential treatment center. Anderson exited the program on August 22, 2014.

{¶5} The trial court issued a second bench warrant for Anderson's arrest on November 6, 2014. A probation violation hearing was set after Anderson's arrest. On January 23, 2015, the trial court found Anderson guilty of three probation violations and imposed the remainder of Anderson's original sentence. The trial court granted Anderson 137 days of jail time credit based on his time spent in the Richland County Jail.

{¶6} On June 15, 2015, Anderson filed a motion for judicial release, which the trial court denied.

{¶7} On August 9, 2016, Anderson filed a motion for jail time credit. In the motion, Anderson requested the trial court grant Anderson an additional 25 days of credit for time served in the VOA program. Anderson stated from May 22, 2014 to June 16, 2014, he was under confinement within the definition of R.C. 2967.191 and *State v. Napier*, 93 Ohio St.3d 646, 2001-Ohio-1890. In support of the motion, Anderson attached an unsworn statement from a Clinical Supervisor with the VOA Residential Reentry Program. The statement, written on VOA letterhead, read:

> Mr. Anderson was referred to our program for treatment and arrived on 5/22/2014. As is our policy he was not granted independent movement for the first few weeks of his stay. In reviewing his movement schedule I find that he attended a medical appointment on 6/16/2014. Therefore he was on complete restriction from 5/22 until 6/16/14.

The State did not respond to the motion. The trial court did not hold an evidentiary hearing on the motion.

{¶8} On September 29, 2016, the trial court filed an order denying Anderson's request for jail time credit with respect to a portion of his time at the VOA. Attached to the judgment entry is an affidavit from the Program Director of VOA which states:

> * * *

> 2. The VOA is a residential treatment center which allows residents to attend necessary appointments in the community, search for and obtain employment, receive treatment and still be accountable for their time when they are not at work.

3. Most residents are permitted to go to work each day or to leave the facility

to look for work or to attend to other approved errands or otherwise once

deemed appropriate by the treatment team and supervising authority.

4. Male and female housing areas are kept separate.

5. [Anderson] entered this program on 5.22.2014, exited the program on

8.22.2014, and spent 0 days on restricted-to-the-facility status.

In the judgment entry denying the motion for jail time credit, the trial court states,

The court finds by the attached affidavit of * * * the program director for the

VOA, the period of time defendant was at the VOA was not "confinement"

within the meaning of the jail credit statute. Further, not being granted

"independent movement" as set forth in the attachment to defendant's

motion also does not fall within the meaning of the jail credit statute.

{¶9}  It is from this judgment Anderson now appeals.

{¶10} This matter comes to us on the accelerated calendar. App.R. 11.1 governs

accelerated calendar cases and states in pertinent part:

**(E) Determination and judgment on appeal**

The appeal will be determined as provided by App. R. 11.1. It shall be

sufficient compliance with App. R. 12(A) for the statement of the reason for

the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published

in any form.

{¶11} One of the important purposes of the accelerated calendar is to enable an

appellate court to render a brief and conclusory decision more quickly than in a case on

the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Association,* 11 Ohio App.3d 158 (10th Dist.1983).

{¶12} This appeal shall be considered in accordance with the aforementioned rules.

### ASSIGNMENT OF ERROR

{¶13} Anderson raises one Assignment of Error:

{¶14} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR JAIL-TIME CREDIT."

### ANALYSIS

### The Definition of "Confinement"

{¶15} In his sole Assignment of Error, Anderson argues he should receive jail time credit for a portion of his time spent in the VOA program. R.C. 2967.191 governs reduction in prison term for prior confinement and states in pertinent part:

The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.

{¶16} Although it is the department's duty to reduce the term of incarceration by the number of days served prior to sentencing, it is the responsibility of the sentencing

court to properly calculate the amount of days for which such credit may be extended. *State v. Kennedy,* 5th Dist. Richland No. 15CA32, 2015-Ohio-5401, ¶ 18 citing *State ex rel. Corder v. Wilson,* 68 Ohio App.3d 567, 589 N.E.2d 113 (10th Dist.1991). A trial court may issue credit for time spent in a rehabilitation facility. *State v. Osborn,* 3rd Dist. Marion No. 9-05-35, 2006-Ohio-1890, ¶ 19. The issue is whether the program constitutes "confinement." Time spent in a rehabilitation facility where one's ability to leave whenever he or she wishes is restricted may be confinement for the purposes of R.C. 2967.191. *See State v. Napier,* 93 Ohio St.3d 646, 2001–Ohio–1890 758 N.E.2d 1127. In *State v. Napier, supra,* the Ohio Supreme Court found "confinement" includes facilities where a failure to return constitutes escape. *State v. Holda,* 5th Dist. Richland No. 2006CA0039, 2006-Ohio-4452, ¶ 12. "Confinement" also includes facilities that have day privileges only with permission, and only to specific places at designated times. *Id.*

{¶17} As noted by this Court in *State v. Jones,* 122 Ohio App.3d 430, 432, 702 N.E.2d 1061 (5th Dist.1997), the "court must review the nature of the program to determine whether the restrictions on the participants are so stringent as to constitute 'confinement' as contemplated by the legislature." *Id.; see also, State v. Osborne,* 5th Dist. Richland No. 2009 CA 0119, 2010–Ohio–4100, ¶ 14. "The nature of the review may depend upon the trial court's familiarity with the facility and the defendant's participation in a particular program." *State v. Crittle,* 11th Dist. Lake No.2000–L–042, unreported, 2001 WL 687435, *3 (June 15, 2001). "The trial court may hold an evidentiary hearing to determine the exact nature and circumstances of the program. The trial court may choose to take judicial notice or accept evidence by way of affidavits or a stipulation from the parties regarding the [community-based correctional facility]. The evidence would have

to be detailed enough to permit this court to effectively review the trial court's determination that the facility does or does not qualify as a [community-based correctional facility] based upon the criteria set forth above." *Id.;* see also, *State v. Ventra,* 11th Dist. Geauga No. 2010–G–2968, 2011–Ohio–156.

### Time Spent in the VOA Program is not Per Se "Confinement"

{¶18} Anderson argues that based on this Court's prior decisions, it is a matter of law that time spent in the VOA program is "confinement" within the meaning of R.C. 2967.191. He refers this Court to our decisions in *State v. Holda,* 5th Dist. Richland No. 2006CA0039, 2006-Ohio-4452 and *State v. Caldwell*, 5th Dist. Richland No. 11CA40, 2011-Ohio-4385. The State contends the trial court's determination of whether Anderson's time spent in the VOA program was "confinement" must be based on the evidence presented in the case.

{¶19} In *State v. Holda, supra*, the trial court placed the defendant on community control. As a condition of his community control, the trial court ordered the defendant to complete a sex offender program at the VOA. *Id.* at ¶ 3. The defendant's probation was revoked and the original sentence was re-imposed. *Id.* at ¶ 4. The defendant sought credit for his time served at the VOA. *Id.* at ¶ 5. The trial court denied the defendant's motion for jail time credit and he appealed. Upon reviewing the record, we noted the only evidence in the record as to the nature of the defendant's time at the VOA was an affidavit provided by the defendant. *Id.* at ¶ 13. "The affidavit establishes the halfway house was an alarmed locked-down facility, with hourly head count and guarded movement to and from the dining hall. Although appellant could leave the premises, he could do so only with permission and a written plan. After six months, appellant could leave for

employment, but he was monitored there." *Id.* at ¶ 13. We found that based on the evidence presented in the record, the defendant's time in the VOA sex offender program constituted "confinement" pursuant to R.C. 2067.191.

{¶20} The issue in *State v. Caldwell, supra*, was whether the trial court erred in granting the defendant jail time credit for time spent in the VOA program. The trial court granted the appellee judicial release and placed him on three years of community control, which included time in the VOA program. The trial court later revoked the defendant's community control and ordered him to serve three years in prison. *Id.* at ¶ 3-4. The trial court granted the defendant 139 days jail time credit for his time spent in the VOA program. *Id.* at ¶ 5. The State appealed and the question raised before this Court was, "did the trial court abuse its discretion in considering [the defendant's] community control participation in the VOA program in calculating jail time credit?" *Id.* at ¶ 17. We answered that under R.C. 2929.15, the trial court had complete discretion in determining the scope of the sentence when terminating the defendant's community control. *Id.* In *Caldwell*, there was no discussion whether the evidence demonstrated the VOA program was "confinement" under R.C. 2967.191.

{¶21} The Third District Court of Appeals considered whether a defendant was entitled to jail time credit based on his participation in the VOA Residential Treatment Program for Sex Offenders in *State v. Osborn*, 3rd Dist. Marion No. 9-05-35, 2006-Ohio-1890. The court reviewed the definition of "confinement" to review the trial court's decision the defendant was not entitled to jail time credit. The trial court held a hearing and based on the evidence presented, determined the VOA facility was a rehabilitation facility and "'not a secure facility that contained measures sufficient to ensure the safety of the

surrounding community, since it does not lock the clients in the facility.'" *Id.* at ¶ 22. The court of appeals found this was sufficient, competent, credible evidence to support the trial court's conclusion the VOA program was not confinement.

{¶22} Based on the above case law, we disagree with Anderson's argument that time spent in the VOA program is "confinement" as a matter of law. The trial court must review the nature of the program to determine whether the restrictions on the participants are so stringent as to constitute "confinement" as contemplated by the legislature. The trial court's review is accomplished by considering evidence presented through an evidentiary hearing, affidavit, or joint stipulation.

### Evidence Presented Does Not Show Confinement

{¶23} In this case, the State argues there is sufficient, competent, and credible evidence to support the trial court's determination that Anderson's time spent in the VOA program was not "confinement." The trial court did not hold an evidentiary hearing but considered written evidence. In support of his motion for jail time credit, Anderson submitted an unsworn statement from a Clinical Supervisor with the VOA Residential Reentry Program. The statement, written on VOA letterhead, read:

> Mr. Anderson was referred to our program for treatment and arrived on 5/22/2014. As is our policy he was not granted independent movement for the first few weeks of his stay. In reviewing his movement schedule I find that he attended a medical appointment on 6/16/2014. Therefore he was on complete restriction from 5/22 until 6/16/14.

{¶24} Attached to the trial court's judgment entry denying the motion for jail time credit was an affidavit from the VOA Program Director. It stated:

* * *

2. The VOA is a residential treatment center which allows residents to attend necessary appointments in the community, search for and obtain employment, receive treatment and still be accountable for their time when they are not at work.

3. Most residents are permitted to go to work each day or to leave the facility to look for work or to attend to other approved errands or otherwise once deemed appropriate by the treatment team and supervising authority.

4. Male and female housing areas are kept separate.

5. [Anderson] entered this program on 5.22.2014, exited the program on 8.22.2014, and spent 0 days on restricted-to-the-facility status.

{¶25} Pursuant to the evidence presented to the trial court through the submitted letter and the affidavit, we find the trial court did not err when it found Anderson failed to demonstrate his time spent in the VOA program from May 22, 2014 to June 16, 2014 was confinement for purposes of R.C. 2967.191. The unsworn letter from the Clinical Supervisor states it is the policy of the VOA program that Anderson not be granted independent movement. The letter does not define the meaning of "independent movement" or detail the extent of not being granted "independent movement." The letter next states the schedule showed Anderson had a doctor's appointment on June 16, 2014. The Clinical Supervisor concludes that because the doctor's appointment was on June 16, 2014, Anderson was on complete restriction from May 22, 2014 to June 16, 2014. The conclusion that Anderson was on complete restriction because he did not have a doctor's appointment until June 16, 2014 is a hasty generalization. The letter provides no

evidentiary support for that inductive leap. What if Anderson simply could not get an appointment until June 16, 2014?

{¶26} The affidavit from the VOA Program Director supports the trial court's conclusion that Anderson's time spent in the VOA program does not qualify as confinement. Anderson was at the rehabilitation facility for 92 days and the affidavit states Anderson was not restricted to the facility for any of those days. The affidavit explains the program allows the residents to attend necessary appointments, search for and obtain employment, and receive treatment. The VOA Program Director further avers that residents are permitted to come and go for purposes of work release, job searching, and approved errands. *See State v. Kennedy*, 5th Dist. Richland No. 15CA32, 2015-Ohio-5401.

{¶27} Based on the evidence in the record, we find there was sufficient, competent, and credible evidence supporting the trial court's conclusion that Anderson's time spent in the VOA program was not confinement within the meaning of R.C. 2967.191. Accordingly, we find the trial court did not err when it denied Anderson a reduction against his prison sentence for time spent in the VOA program.

{¶28} Anderson's sole Assignment of Error is overruled.

**CONCLUSION**

{¶29} The judgment of the Richland County Court of Common Pleas is affirmed.

By:  Delaney, P.J.,

Hoffman, J. and

Wise, J., concur.