**[Cite as *State v. Critten*, 2024-Ohio-3242.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

**STATE OF OHIO,**

    **PLAINTIFF-APPELLEE,**

    **CASE NO. 13-23-33**

**v.**

**TIM S. CRITTEN,**

    **O P I N I O N**

    **DEFENDANT-APPELLANT.**

---

**Appeal from Seneca County Common Pleas Court**
**Trial Court No. 20 CR 0051**

**Judgment Affirmed**

**Date of Decision: August 26, 2024**

---

**APPEARANCES:**

    *Brian A. Smith* **for Appellant**

    *Stephanie J. Kiser* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, Tim S. Critten ("Critten"), appeals the November 2, 2023 judgment of the Seneca County Court of Common Pleas revoking his judicial release and imposing a reserved prison sentence. For the reasons that follow, we affirm.

{¶2} On May 6, 2020, the Seneca County Grand Jury indicted Critten on a single count of gross sexual imposition in violation of R.C. 2907.05(A)(4), (C)(2).[1] Critten initially pled not guilty to the count in the indictment. However, at a change-of-plea hearing held on November 16, 2020, Critten withdrew his not-guilty plea and, pursuant to a negotiated-plea agreement, entered a guilty plea to the count in the indictment. The trial court accepted Critten's guilty plea and found him guilty. On January 5, 2021, the trial court imposed a jointly-recommended sentence of 24 months in prison.

{¶3} On June 18, 2021, Critten filed a motion for judicial release. In his motion, Critten requested placement into the Comprehensive Sex Offender Treatment Program at one of the Volunteers of America ("V.O.A.") Residential Reentry Facilities. After a hearing on August 9, 2021, the trial court granted Critten judicial release. The trial court placed Critten on a period of five years of

---

[1] Critten was initially indicted under R.C. 2907.05(A)(3); however, at the request of the State, the indictment was amended to charge Critten with gross sexual imposition under R.C. 2907.05(A)(4). (Doc. Nos. 12, 13).

community control with the special condition that Critten successfully enter and complete the V.O.A. Residential Reentry Program.

**{¶4}** From the record, it appears Critten completed the V.O.A. program and complied with his supervision requirements for several years. However, on August 30, 2023, Critten's probation officer filed a notification of alleged community control violations claiming Critten violated the terms of his supervision by (1) staying at a residence where minor children were present and (2) residing at a residence with a firearm readily accessible.

**{¶5}** Critten appeared for a full-revocation hearing on November 1, 2023. However, at the commencement of the hearing, the State moved to dismiss the second alleged community-control violation relating to the firearm at the residence, which the trial court granted. Critten then entered an admission to the remaining alleged violation, and the trial court found Critten had violated the terms of his judicial release community control. The trial court proceeded directly to sentencing where it terminated Critten's community control and reimposed the remainder of his 24-month prison sentence.

**{¶6}** Critten filed a timely appeal and raises one assignment of error.

### Assignment of Error

**Because the trial court improperly calculated the amount of jail-time credit to which Appellant was entitled pursuant to R.C. 2967.191, the trial court's sentence of Appellant was contrary to law and in violation of Appellant's right to Equal Protection**

**under the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Ohio Constitution.**

**{¶7}** In his assignment of error, Critten argues the trial court did not properly calculate jail-time credit.

*Award of Jail-Time Credit*

**{¶8}** The practice of awarding jail-time credit is rooted in the Equal Protection Clauses of the Ohio and United States Constitutions, though it is now addressed in Ohio state statute. *State v. Carpenter*, 2017-Ohio-9038, ¶ 25 (4th Dist.). One of these statutes, R.C. 2929.19(B)(2)(g)(i), provides:

> [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall . . .:
>
> . . .
>
> Determine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correct must reduce the definite prison term imposed on the offender as the offender's stated prison term[.]

Thus, under R.C. 2929.19(B)(2)(g)(i), trial courts have a duty to calculate jail-time credit at the time of sentencing. *State v. Baker*, 2015-Ohio-3232, ¶ 14 (8th Dist.).

**{¶9}** In the trial court's November 2, 2023 judgment entry, Critten was awarded 67 days of jail-time credit for days he served in the Seneca County jail. Critten does not contest the 67 days of credit given for his term of local

incarceration. Rather, Critten argues the trial court erred by not granting additional jail-time credit for time spent in the V.O.A. Residential Reentry Program.

{¶10} At the revocation hearing, the trial court entertained arguments from Critten and his trial attorney regarding the nature of the V.O.A. program. Critten's attorney alleged that during the treatment program, Critten was "on lockdown" and he believed he "had absolutely no right to leave" the fenced-in facility. (Nov. 1, 2023 Tr. at 9-10). Critten echoed his trial counsel's characterization of the V.O.A. facility as "a lockdown facility" with "corrections officers" present and multiple daily head counts. (*Id.* at 13). After hearing the arguments from Critten and his trial counsel, the trial court declined to credit the time Critten spent in the V.O.A. program as credit for his days of incarceration. (*Id.* at 17).

{¶11} Critten alleges that the V.O.A. program he completed constituted confinement for the purpose of R.C. 2967.191. The Revised Code does not define the term "confined" in R.C. 2967.191 or 2949.08(B). *State v. Bowling*, 2017-Ohio-8539, ¶ 14 (12th Dist.). "Thus, the calculation of jail-time credit has been subject to much interpretation." *Id.* However, courts have generally determined that "'confinement' requires such a restraint on the defendant's freedom of movement that he cannot leave official custody of his own volition." *State v. Blankenship*, 2011-Ohio-1601, ¶ 14 (10th Dist.).

{¶12} Based on the record before us, we do not find the trial court abused its discretion by not granting Critten jail-time credit for the time spent at the V.O.A.

program. "Under Ohio law there is no statutory requirement that provides that trial courts credit time spent in a rehabilitation facility against any sentence originally imposed." *State v. Osborn*, 2006-Ohio-1890, ¶ 19 (3d Dist.), citing *State v. Nagle*, 23 Ohio St.3d 185 (1986). "[T]he trial court '"must review the nature of the program to determine whether the restrictions on the participants are so stringent as to constitute "confinement" as contemplated by the legislature."'" *Id.* at ¶ 21, quoting *State v. Crumpton*, 2003-Ohio-7063, ¶ 9 (8th Dist.), citing *State v. Barkus*, 2003-Ohio-1757 (5th Dist.).

**{¶13}** Here, Critten did not request a hearing under R.C. 2929.19(B)(2)(g)(ii), nor did he provide actual evidence or testimony relating to the nature of the V.O.A. program.[2] Accordingly, the trial court was left only with the arguments of counsel and Critten's unsworn statements regarding the program. Based on the limited information before the trial court, we do not find that it erred by not crediting the time Critten spent in the V.O.A. program as days toward his term of incarceration. *See State v. Anderson*, 2017-Ohio-904, ¶ 22 (5th Dist), quoting *State v. Crittle*, 2001 WL 687435, * 3 (11th Dist. June 15, 2001) ("'The trial court may choose to take judicial notice or accept evidence by way of affidavits or a stipulation from the parties regarding the [community based correctional facility]. The evidence would have to be detailed enough to permit this court to

---

[2] At the November 1, 2023 hearing, Critten did not present testimony or documentation relating to the number of days he spent in the V.O.A. treatment program. Accordingly, it was not clear from the record presented to us how many days of jail-time credit Critten sought for his participation in the program.

effectively review the trial court's determination that the facility does or does not qualify as a [community-based correctional facility[.]'"). However, Critten may not be foreclosed from making an argument and presenting evidence at a later date that the trial court miscalculated the number of days of jail-time credit to which he is entitled. Specifically, R.C. 2929.19(B)(2)(g)(iii) provides:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under [R.C. 2929.19(B)(2)(g)(i)]. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under [R.C. 2929.19(B)(2)(g)(i)], and the court may in its discretion grant or deny that motion.

Thus, under the circumstances, we do not find the trial court abused its discretion. *See Osborn* at ¶ 23; *Anderson* at ¶ 22, 27.

{¶14} Critten's assignment of error is overruled.

## Conclusion

{¶15} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Seneca County Court of Common Pleas.

**Judgment Affirmed**

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlm**